UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIMBERLY WEATHERFORD,        ) | |
| ) | |
| Plaintiff,        ) | Case No. 3:13-cv-0885 |
| ) | Judge Trauger |
| v.        ) | |
| ) | |
| LVNV FUNDING, LLC; MATTHEW        ) | |
| SOWELL; BUFFALOE & ASSOCIATES, PLC;        ) | |
| SHERMAN FINANCIAL GROUP, LLC; and        ) | |
| RESURGENT CAPITAL SERVICES, LP,        ) | |
| ) | |
| Defendant.        ) | |

## MEMORANDUM AND ORDER

On April 15, 2014, defendants LVNV Funding, LLC ("LVNV"), Matthew Sowell, Buffaloe & Associates, PLC ("Buffaloe"), Sherman Financial Group, LLC ("Sherman"), and Resurgent Capital Services, LP ("Resurgent") (together, the "defendants") filed a Motion for Judgment on the Pleadings (Docket No. 37). The plaintiff has not opposed the motion. For the reasons stated herein, the defendants' motion will be granted and the plaintiff's claims will be dismissed with prejudice.

## BACKGROUND

The plaintiff, Kimberly Weatherford, incurred a credit card debt and then defaulted on that debt.[1] The debt was eventually assigned to defendant LVNV. Buffaloe, a law firm acting on behalf of LVNV, filed a civil warrant for the collection of debt against Weatherford in the General Sessions Court for Davidson County, Tennessee (the "collection lawsuit"). The civil warrant was supported by an affidavit signed by defendant Sowell, a representative of LVNV.

---

[1] The facts are drawn from the plaintiff's Second Amended Complaint. (Docket No. 29.)

After a hearing on the matter was continued, Buffaloe later nonsuited the collection lawsuit.

The plaintiff filed suit against LVNV, Buffaloe, and Sowell in this court on September 3, 2013. (Docket No. 1.) The plaintiff amended her complaint, with the court's permission, on March 7, 2014, adding Sherman and Resurgent as defendants to the action. (Docket Nos. 24-25, 29.)

The plaintiff's Second Amended Complaint alleges that the defendants violated several provisions of the Fair Debt Collection Practices Act ("FDCPA" or the "Act"), 15 U.S.C. § 1692 *et seq.*, by:

(1) Using a false misrepresentation or deceptive means in an attempt to collect the plaintiff's debt, 15 U.S.C. § 1692e(10);

(2) Falsely representing the "character, amount, or legal status of the debts," 15 U.S.C. § 1692e(2)(A);

(3) Communicating to the General Sessions Court and general public credit information which is known or which should be known to be false, 15 U.S.C. § 1692e(8);

(4) Threatening to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and

(6) Using unfair or unconscionable means to collect or attempt to collect a debt, 15 U.S.C. § 1692f.

Specifically, the plaintiff alleges that LVNV, Buffaloe, and Sowell violated Sections 1692e(10), 1692e(2)(A), and 1692e(8) of the FDCPA because (1) Buffaloe and LVNV filed a civil warrant for collection against the plaintiff before completing an investigation as to all details of her debt, thereby submitting false representations to the court; and (2) defendant Sowell, who filed an affidavit supporting the warrant, made misrepresentations in his affidavit because he only

2

examined certain computer records before signing the affidavit.[2] Weatherford also alleges that defendant LVNV does not possess a license to collect debts, as required by the Tennessee Collection Service Act ("TCSA"), T.C.A. § 62-20-105, and, therefore, LVNV's filing of the collection lawsuit against the plaintiff constituted a violation of Sections 1692e(5) and 1692f.

The defendants filed the pending motion on April 15, 2014.

## **STANDARD**

Although the defendants' motion is unopposed, the court must still examine whether the movant has met its burden before it may grant the requested relief. The Sixth Circuit has instructed that a movant "must always bear this initial burden regardless if an adverse party fails to respond." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) (internal citations omitted). A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards that govern a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Reilly v. Vadlamudi*, 680 F.3d 617, 622-23 (6th Cir. 2012). In deciding a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).

The Federal Rules of Civil Procedure require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R.

---

[2] The plaintiff's allegations regarding the defendants' incomplete investigation focus on their alleged lack of knowledge regarding whether a written contract existed between the plaintiff and her credit card company and whether there was additional documentation regarding when and how her debt was incurred.

Civ. P. 8(a)(2)).  The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To establish the "facial plausibility" as required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

The defendants argue that all of the plaintiff's claims fail as a matter of law because she has failed to plead necessary elements of her claims, and because, as to defendants Sherman and Resurgent, the plaintiff fails to make any specific allegations of wrongdoing.  The court agrees.  As an initial matter, the plaintiff's Second Amended Complaint fails to even mention defendants Sherman and Resurgent beyond its caption and brief description of the parties.  Accordingly, defendants Sherman and Resurgent are entitled to a judgment on the pleadings.

The defendants further contend that the plaintiff's Sections 1692e(2)(A), 1692e(8), and 1692e(10) claims—all related to alleged misrepresentations made to the General Sessions court related to the plaintiff's debt—must fail because the law does not require that a debt collector possess certainty or "immediate means to prove a debt" before filing a collection lawsuit.  Once again, the court agrees.  Indeed, the Sixth Circuit has made clear that an agent

> 'filing a lawsuit supported by a client's affidavit attesting to the existence and amount of a debt . . . is not [making] a false representation about the character or legal status of a debt, nor is it unfair or unconscionable.  A defendant in any lawsuit is entitled to request more information or details about a plaintiff's claim, either through formal pleadings challenging a complaint, or through discovery.'

4

*Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 331-33 (6th Cir. 2006) (quoting and discussing *Deere v. Javitch, Block, and Rathbone, L.L.P.*, 413 F. Supp. 2d 886, 890 (S.D. Ohio 2006)). As in *Harvey*, the plaintiff here does not deny in her pleading that she owed LVNV a debt, nor does she claim that LVNV falsely stated the amount that she owed, or that the complaint against her was baseless. Instead, she appears to allege only that LVNV and Buffaloe should have obtained more documentation before filing the collection lawsuit. The Sixth Circuit has soundly rejected the assertion that such allegations constitute a facially plausible claim under the FDCPA. *Harvey*, 453 F.3d at 332. Accordingly, under settled law, Weatherford has failed to plead allegations beyond the speculative level that support her claims under Sections 1692e(2)(A), 1692e(8), and 1692e(10), and her claims will be dismissed.[3]

The defendants further submit that the plaintiff's claims under Sections 1692e(5) and 1692f must fail because, contrary to the plaintiff's allegations, Tennessee's licensing requirement for debt collectors does not apply to LVNV. On the face of the statute, its application is limited to "any person that engages in, or attempts to engage in, the collection of delinquent accounts." T.C.A. § 62-20-102(3). As set forth in the Second Amended Complaint, LVNV employed Buffaloe, a licensed law firm exempted from the statute under T.C.A. § 62-20-103, to file the

---

[3] As the defendants note, the Eastern District of Tennessee has recently assessed nearly identical lawsuits filed against some of the defendants at the summary judgment phase and reached the same conclusion. *See, e.g.*, *Robert Bradford v. LVNV Funding, LLC, et al.*, Case No. 2:11-cv-291, 2014 WL 1012771 (E.D. Tenn. Feb. 25, 2014); *Carl Sells v. LVNV Funding, LLC, et al.*, No. 2:11-cv-355, 2014 WL 852693 (E.D. Tenn. Mar. 5, 2014); *Smith v. LVNV Funding, LLC, et al.*, No. 2:11-cv-0356, 2014 WL 923220 (E.D. Tenn. Mar. 10, 2014).

collection lawsuit.[4] By the express language of the statute, LVNV cannot be considered to have been engaging in the collection of the plaintiff's delinquent account, and it employed a duly qualified agent to attempt to collect on its behalf. *See Smith*, 2014 WL 923220, at *5 (holding the same).

Moreover, as the defendants point out, even if LVNV had filed the collection lawsuit, it would not require a Tennessee license because the statute also exempts the owner of a debt from its licensing requirements. *Id.*; *see also* T.C.A. § 62-20-103(3). Accordingly, the plaintiff's claims under Sections 1692e(5) and 1692f fail as a matter of law and will be dismissed.

## CONCLUSION

For these reasons, the defendant's Motion for a Judgment on the Pleadings is **GRANTED**. The plaintiff's claims against the defendants are **DISMISSED WITH PREJUDICE**. This Order constitutes the judgment in this case.

It is so **ORDERED**.

Enter this 16th day of May 2014.

ALETA A. TRAUGER
United States District Judge

---

[4] T.C.A. § 62-20-103 exempts from its licensing requirements, among others, attorneys at law and "individual or business entit[ies] that collec[t] only the individual's or its own unpaid accounts to submit to licensure or regulation by the collection service board."